**William G. MURPHY and Mildred V. Murphy, Appellants (Plaintiffs Below),**

v.

**MELLON ACCOUNTANTS PROFES-SIONAL CORPORATION**

. **and**

**Jack D. Mellon, Appellees (Defendants Below).**

No. 54A01–8809–CV–305.

Court of Appeals of Indiana, First District.

May 23, 1989.

Rehearing Denied June 30, 1989.

Richard Donahue, Thomas J. O'Brien, Donahue & O'Brien, Lafayette, C. Rex Henthorn, Harding, Henthorn & Harris, Crawfordsville, for appellants.

Peter G. Tamulonis, Michael E. Brown, John B. Drummy, Kightlinger & Gray, Indianapolis, for appellees.

ROBERTSON, Judge.

William G. and Mildred V. Murphy appeal a grant of summary judgment in favor of Mellon Accountants, P.C., the defendants below, in the Murphys' action alleging fraud, negligence, breach of fiduciary duty and breach of a professional employment contract.

We affirm.

The circumstances precipitating this litigation can be briefly summarized. The Murphys and Jack Mellon, president of Mellon Accountants, P.C., were longtime friends and business associates. Jack Mellon and Mellon Accountants, P.C., began doing accounting work for the Murphys and the Murphys' business, Murphy Oil Company, in 1965. In 1982, due to Mr. Murphy's poor physical health, the Murphys decided to sell their business. After considering at least two other offers, the Murphys sold the business to Jack Mellon and two employees of Murphy Oil Company. Mellon Accountants, P.C., was not a party to the transaction, but continued to do accounting work for the Murphys after the sale. Under the management of Mellon and the others, the business encountered financial difficulties, and payments to the Murphys pursuant to the purchase agreement ceased. Murphy Enterprises, Inc. filed a voluntary petition for bankruptcy in August, 1984, and Jack D. Mellon filed a petition for bankruptcy himself in September, 1986, listing the Murphys as creditors. After the Murphys' claims against Mellon were discharged by the bankruptcy court, the trial court dismissed that portion of this litigation brought against Mellon individually.

In their brief, the Murphys attack the grant of summary judgment in favor of the corporation by arguing that a continuous fiduciary relationship existed between the Murphys and Mellon Accountants, P.C., and that by reason of Jack Mellon's role in the sale of their business, the corporation advised the sale, raising a factual issue on the question of breach of fiduciary trust.[1]

Ind. Rules of Procedure, Trial Rule 56(C) states that summary judgment is appropriate only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A factual issue is "material" for purposes of T.R. 56(C), if it bears on the ultimate resolution of relevant issues. A factual issue is "genuine" if it is not capable of being conclusively foreclosed by reference to undisputed facts. Consequently, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Stuteville v. Downing* (1979), 181 Ind.App. 197, 391 N.E.2d 629, 631.

It is undisputed the corporation did accounting work and acted as a financial advisor for the Murphys in the operation of their business. However, the Murphys had no written contract employing Mellon Accountants, P.C.; neither did they have an oral retention agreement for professional services. Mellon Accountants, P.C. did prepare the Murphys' federal income tax returns for 1982 and 1983, after the sale of Murphy Oil Co. was consummated, and also prepared a personal financial statement for the Murphys in June, 1984. Yet, the Murphys do not complain specifically about the quality of these services or services performed before the sale in this action.

---

1. The Murphys do not elaborate on their negligence or breach of employment contract theories in their briefs, and apparently did not argue separate theories or counts to the trial court either. For this reason, we will limit our discussion to the breach of fiduciary duty and fraud counts.

The Murphys' action for breach of fiduciary duty and fraud is premised upon the corporation's failure to adequately advise them at the time of the sale and the corporation's role, subsequent to the sale, in the business's mismanagement. The Murphys rely solely upon the fact, established by the evidence, that they worked primarily through Jack Mellon in their dealings with the corporation, Mellon Accountants. Assuming the facts showed the Murphys had a special relationship of trust and confidence with the corporation as they contend, in order to succeed on their claim that the corporation wrongfully abused this confidence, the Murphys must offer facts showing the corporation used its superior knowledge or influence to obtain an unconscionable advantage over them. *See, Peoples Trust Bank v. Braun* (1983), Ind.App., 443 N.E.2d 875, *trans. denied; Lucas v. Frazee* (1984), Ind.App., 471 N.E.2d 1163; *Olds v. Hitzemann* (1942), 220 Ind. 300, 42 N.E.2d 35. The Murphys have not offered any evidence which would refute the fact established by Mellon Accountants, P.C., that Jack Mellon acted in his personal rather than representative capacity when he negotiated and purchased the Murphys' business and made decisions affecting the management of the business. *See, Stuteville v. Downing, supra* (Principal not responsible to third person who dealt with agent acting in his personal capacity); *Miller et al. v. Fletcher Savings & Trust Co., et al.* (1922), 78 Ind.App. 183, 133 N.E. 174. All of the documents evidencing the sale of the business refer to and were executed by Jack D. Mellon, not Mellon on behalf of the professional corporation. There is no evidence that the corporation or anyone representing the corporation was a party to the transaction, engaged in the operation of the business after the sale, or was involved in the breach of the purchase agreement. Moreover, the Murphys do not argue or point to any evidence in the record upon which to conclude that an apparent agency existed; there is no evidence of a communication, direct or indirect, from the corporation, which might have warranted a reasonable belief in the minds of the Murphys that Jack Mellon was acting on the corporation's behalf at the time of the sale. *Cf., Hope Lutheran Church v. Chellew* (1984), Ind.App., 460 N.E.2d 1244, *trans. denied.*

Finally, the Murphys do not claim or offer evidence supporting an agency by estoppel. The record does not show Mellon represented to the Murphys he was acting on behalf of the corporation, that the corporation knew of the representation but failed to reveal that information to the Murphys, or that the Murphys, in agreeing to sell, relied upon their belief that the *corporation* was involved in the transaction, rather than Mellon himself. *See, Hope Lutheran Church, id.;* Restatement (Second) of Agency § 8B (1977). In sum, the Murphys have wholly failed to show that the *corporation* obtained an unfair advantage or wrongfully abused the Murphys' confidence through the sale of Murphy Oil Co. Mellon Accountants, P.C. was therefore entitled to a judgment as a matter of law on the Murphys' constructive fraud claim.

Likewise, there is no basis for concluding that a genuine issue of material fact remains with respect to the Murphys' fraud theory. Again, we have searched the record and can find no specific representations alleged to have been made by anyone on behalf of the corporation. The only arguable representation contained in the record and offered by the Murphys is Mellon's statement to the effect that he would "take care of everything" involving the sale. In Indiana, an action for fraud must relate to a present or pre-existing fact; it cannot be predicated upon matters of futurity or promises to be performed at some later time in the future. *Peoples Trust Bank v. Braun, supra.* Promises and representations as to the future are regarded merely as statements of opinion, hope or expectation upon which a party has no right to rely. *Id.* When confronted with such representations, the courts are permitted to find as a matter of law either that the representations are not actionable or that the plaintiffs had no right to rely as a matter of law. *Plymale v. Upright* (1981), Ind.App., 419 N.E.2d 756, 760.

In sum, the evidence reveals no factual dispute as to the corporation's involvement in the sale or management of the Murphys' business, or any actionable representations made on behalf of the corporation. Therefore, Mellon Accountants, P.C. was entitled to a summary judgment as a matter of law.

Judgment affirmed.

RATLIFF, C.J. and NEAL, J., concur.