In the Matter of PATERNITY
OF J.J.H. and A.R.H.

W.M.T., Appellant–Respondent,

v.

A.R.H., by her Mother and Next Friend,
L.L.H.,[1] Appellee–Petitioner.

No. 71A03–9311–CV–380.

Court of Appeals of Indiana,
Third District.

Aug. 8, 1994.

Rehearing Denied Oct. 20, 1994.

---

1. In the caption on his appellate brief, W.M.T. names the St. Joseph County Department of Public Welfare (DPW) as the Appellee–Petitioner to support his argument that DPW, not A.R.H., is the party bringing this action. No document in the trial court refers to DPW as petitioner. Consequently, this caption is misleading.

Steven A. Kray, LaPorte, for appellant.

Pamela Carter, Atty. Gen., Jon Laramore, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-respondent W.M.T. appeals from a judgment establishing the paternity of A.R.H. and an order for her child support. The sole issue presented on review is whether such action is barred by the statute of limitations. The facts relevant to this appeal are summarized below.

A.R.H. was born to L.L.H. out of wedlock on February 6, 1977. At the time A.R.H. was conceived, L.L.H. had sexual relations with W.M.T.

In March 1991, L.L.H., for A.R.H., applied for Aid to Families With Dependent Children (AFDC). As a precondition to her receiving AFDC benefits, L.L.H. assigned A.R.H.'s support rights to the St. Joseph County Department of Public Welfare (DPW).

In August 1991, A.R.H., by L.L.H. as next friend, filed a petition to establish paternity naming W.M.T. as the putative father. A.R.H. was 14 years old.

W.M.T. sought dismissal of the action and summary judgment, claiming the action was barred by the statute of limitations set forth in IND.CODE § 31–6–6.1–6(c) (1988 Ed.). The trial court denied the motion. W.M.T. was ordered to submit to a blood test. The results of the test established, with a 99.64% probability, W.M.T. as the natural father of A.R.H.

On appeal, W.M.T. does not dispute he is A.R.H.'s father. Rather, W.M.T. argues that due to L.L.H.'s assignment of A.R.H.'s support rights, DPW, not A.R.H., is the party bringing this action. He claims A.R.H. is merely a conduit created by DPW in order to avoid having its action for child support barred by the statute of limitations of IND. CODE § 31–6–6.1–6(c).

■ The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* Summary judgment is appropriate when the designated evidentiary matter discloses that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C).

■ IND.CODE § 31–6–6.1–6(c) provides in pertinent part:

"If public assistance has been furnished for the child by the state department of public welfare and an assignment of support rights under Title IV–D of the federal Social Security Act (42 U.S.C. 651 *et seq.*) has been executed on behalf of the child, *an action may be filed by the state department of public welfare or the county department of public welfare before the child's fifth birthday.*"

IND.CODE § 31–6–6.1–6(c) (Emphasis added.). W.M.T. is correct that pursuant to the above language, DPW is limited to filing an action for a child's paternity by the child's "fifth birthday." *See T.C.S. by State, DPW v. Ellis* (1991), Ind.App., 576 N.E.2d 633, 634. However, by statute, A.R.H. has until her twentieth birthday to bring a similar action. IND.CODE § 31–6–6.1–2(a)(4) (1988 Ed.) ("(a) [a] paternity action may be filed by ... (4) [a] child."); IND.CODE § 31–6–6.1–6(b) (1988 Ed.) ("[a] child may file a petition at any time before he reaches twenty (20) years of age.").

■ The record discloses that A.R.H. by her mother and next friend L.L.H. sought to determine paternity, not DPW. The petition itself was encaptioned:

"In the Matter of the Paternity
Of J.J.H.
    A.R.H.
a Child Born Out of Wedlock, By Her Mother as Next Friend, L.L.H.
    Petitioner
vs.
W.M.T.
    Respondent"

Although L.L.H. stated that she did not hire the prosecuting attorney to represent A.R.H., IND.CODE § 31–6–6.1–3 (1988 Ed.) dictates that "the prosecuting attorney *shall* file a paternity action and *represent the child* in that action." (Emphasis added.)

Further, even though a determination of paternity is a prerequisite to the collection of child support, *see* IND.CODE § 31–6–6.1–10(a) (1988 Ed.), the converse is not necessarily true. Although partially motivated by the potential for support, a timely paternity action also allows a child to secure other economic benefits from the putative father. These benefits include, but are not limited to: inheritance rights, *see* IND.CODE § 29–1–2–7(b) (1991 Supp.) (allowing illegitimate child to inherit from father when paternity has been established in court), social security survivor benefits, employee death benefits, and in some instances, proceeds of life insurance policies. *S.V. v. Estate of Bellamy* (1991), Ind.App., 579 N.E.2d 144, 148, n. 6.

■ By contrast, the only interest DPW has in A.R.H.'s paternity action is the collection of child support. As W.M.T. correctly notes, A.R.H.'s assignment of her right to child support occurred prior to the commencement of the paternity action. Consequently, at the time the paternity action was filed, the right to seek child support belonged to DPW, not A.R.H.

*See Brown v. Indiana Nat. Bank* (1985), Ind.App., 476 N.E.2d 888, 894, *trans. denied* (assignment confers in assignee complete and present right in subject matter);

*Essex v. Ryan* (1983), Ind.App., 446 N.E.2d 368, 374 (upon assignment, new

party is substituted as focus of legal relations with respect to right assigned).

This being true, DPW may not circumvent IND.CODE § 31–6–6.1–6(c), by including within A.R.H.'s timely action for paternity, its own concealed untimely action for child support. *See Goodman v. State* (1993), Ind. App., 611 N.E.2d 679, 683 (state may not use status as child's next friend in paternity action to preserve untimely request for child support).

Pursuant to IND.CODE § 31–6–6.1–6(b), the trial court properly denied summary judgment on the issue of paternity. However, being barred by IND.CODE § 31–6–6.1–6(c), the trial court's failure to grant summary judgment in favor of W.M.T., on the issue of child support, was in error.

Affirmed in part and reversed in part.

STATON and RILEY, JJ., concur.