CROWE, CHIZEK, and COMPANY, L.L.P., Appellant–Defendant,

v.

OIL TECHNOLOGY, INC., Appellee–Plaintiff.

No. 45A05–0110–CV–458.

Court of Appeals of Indiana.

July 23, 2002.

James M. Lewis, Michael V. Knight, South Bend, IN, for Appellant.

F. Amin Istrabadi, Valparaiso, IN, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Crowe, Chizek & Company, L.L.P. (Crowe) appeals the trial court's denial of its motion for summary judgment with regard to the appellee-plaintiff Oil Technology, Inc.'s (Oil Tech)

cause of action against it for accountant malpractice. Specifically, Crowe argues that the trial court erred in refusing to apply the statute of limitations set forth in the Accountancy Act[1] to bar Oil Tech's negligence claim. Crowe contends that the statute was not tolled by the continuing wrong or fraudulent concealment doctrines and argues that the Accountancy Act's statute of limitations is constitutional both on its face and as applied to the circumstances here. Concluding that the trial court erred in denying Crowe's motion for summary judgment, we reverse and remand with instructions that final judgment be entered for Crowe.

### FACTS [2]

Crowe is an accounting firm that maintains multiple offices, including one in Merrillville. Michael Salmon is a certified public accountant (CPA) and resident partner in the Merrillville office. In 1987, Oil Tech, an industrial waste control facility, hired Salmon and Crowe to perform various accounting services for it.

From 1987 through 1992, Crowe prepared Oil Tech's Indiana personal property tax returns for the March 1 assessment date. While Crowe did not complete any of those returns for Oil Tech thereafter, it did provide other accounting services, including the preparation of federal and state income tax returns until May 31, 1995.

In the spring of 1993, Crowe informed Oil Tech that, as a cost-savings measure, Oil Tech personnel could complete the Indiana Personal Property Tax form without Crowe's assistance—simply by emulating the manner in which Crowe had completed the forms in previous years.[3] Oil Tech did so in subsequent years, following

exactly the form that Crowe had prepared. Oil Tech then hired CPA David Lade to perform accounting services for it, beginning in the summer of 1993. He completed the tax form in the same fashion as Crowe had done.

Oil Tech's business includes acting as an industrial waste control facility as defined by Ind.Code § 6–1.1–10–9. A personal property tax exemption exists for such facilities set forth in line five of State tax form 103 that is entitled "Tangible Personal Property other than Inventory." Appellant's App. p. 38. Oil Tech was entitled to claim such an exemption, but no one at Crowe informed Oil Tech of this. Moreover, Crowe did not claim the exemptions on behalf of Oil Tech when the personal property tax forms were prepared. It was not until March 1997, that Oil Tech first became aware of this exemption. Had Oil Tech claimed this exemption in prior years, it may have avoided approximately $168,000 in personal property taxes.

As a result, on September 9, 1997, Oil Tech filed a complaint against Crowe alleging that it was negligent in failing to claim a tax exemption and that this same omission constituted a breach of fiduciary duty or constructive fraud. In response, Crowe filed a motion for summary judgment on April 12, 2000, asserting that Oil Tech's claims were time-barred by I.C. § 25–2.1–15–2, the statute of limitations set forth in the Accountancy Act. Oil Tech maintained that Crowe had assumed a continuing duty that tolled the statute of limitations. It further asserted that the doctrine of fraudulent concealment tolled the statute of limitations, that a fiduciary relationship existed between the parties and that the statute of limitations defense

---

1. Ind.Code § 25–2.1–15–2.

2. Oral argument was heard in this cause on June 18, 2002.

3. Although Crowe denies this fact, it is not material and can be assumed as true for purposes of summary judgment.

raised by Crowe was unconstitutional because its effect would be to extinguish its claim before it was discovered.

Following a hearing that was conducted on November 3, 2000, at which Oil Tech did not appear, the trial court granted Crowe's motion for summary judgment. Thereafter, the trial court granted Oil Tech's motion to set aside the judgment and proceeded to set the matter for rehearing. Following a second hearing on August 10, 2001, the trial court denied the motion. In essence, it determined that whether Crowe assumed a continuing duty and whether Oil Tech filed its cause of action in a timely fashion were questions of fact for the jury. We accepted this cause as an interlocutory appeal on December 17, 2001.

## DISCUSSION AND DECISION
### I. Standard of Review

On appeal from a denial of summary judgment, this court faces the same issues that were before the trial court and we analyze them in the same manner. *Moberly v. Day*, 757 N.E.2d 1007, 1009 (Ind. 2001). The purpose of summary judgment is to terminate litigation when there is no material fact in dispute and the case can be determined as a matter of law. *W.M.T. v. A.R.H.*, 638 N.E.2d 815, 817 (Ind.Ct. App.1994), *trans. denied*. When a movant for summary judgment presents evidence that negates an element of the plaintiff's cause of action, and there is a prima facie showing in this evidence, the burden shifts to the plaintiff to demonstrate the existence of a genuine factual issue. If the plaintiff does not show the existence of a factual issue, the entire action will fail. *Chester v. Indianapolis Newspapers, Inc.*, 553 N.E.2d 137, 141 (Ind.Ct.App.1990), *trans. denied*.

The opposing party must designate to the court each material issue of fact that precludes entry of summary judgment and the evidence relevant thereto. Ind. Trial Rule 56(C). A factual issue is material for the purposes of T.R. 56(C) if it bears on the ultimate resolution of a relevant issue. *Murphy v. Mellon Accountants Prof'l Corp.*, 538 N.E.2d 968, 969 (Ind.Ct.App. 1989), *trans. denied*. A factual issue is genuine if it is not capable of being conclusively foreclosed by reference to undisputed facts. *Id.* As a result, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the claim. *Id.* If the opposing party fails to meet its responsive burden, the court shall render summary judgment. *W.M.T.*, 638 N.E.2d at 817. We view the pleadings, depositions, answers to interrogatories, and affidavits in the light most favorable to the non-moving party. *Carie v. PSI Energy, Inc.*, 715 N.E.2d 853, 855 (Ind.1999).

 We also note that the interpretation of a statute is a question of law reserved for the courts. *Spears v. Brennan*, 745 N.E.2d 862, 869 (Ind.Ct.App.2001). The court's objective when construing the meaning of a statute is to ascertain and give effect to the legislative intent expressed in the statute. *Turner v. Bd. of Aviation Comm'rs*, 743 N.E.2d 1153, 1161 (Ind.Ct.App.2001), *trans. denied*. Where a statute has not previously been construed, the express language of the statute and the rules of statutory construction control the interpretation. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Spears*, 745 N.E.2d at 869. Finally, we have determined that if the moving party asserts the statute of limitations as an affirmative defense and establishes that the action was commenced outside of the statutory period, the non-moving party has the burden of establishing an issue of fact

material to a theory that avoids the affirmative defense. *Langman v. Milos,* 765 N.E.2d 227, 234 (Ind.Ct.App.2002).

## II. Crowe's Contentions

### A. Statute of Limitations Claim

Crowe claims that the trial court erred in refusing to apply the statute of limitations contained in the Accountancy Act to bar Oil Tech's negligence claim. Specifically, Crowe asserts that summary judgment should have been granted in its favor because the complaint was filed on September 9, 1997, well after the applicable limitation period had expired.

The limitation period for claims against accountants is codified at I.C. § 25–2.1–15–2:

> Commencement of Action.—An action under this chapter must be commenced by the *earlier of the following:*
>
> (1) One (1) year from the date the alleged act, omission, or neglect is discovered or should have been discovered by the existence of reasonable diligence.
>
> (2) Three (3) years after the service for which the suit is brought has been performed or the date of the initial issuance of the accountant's report on the financial statements or other information.

(Emphasis added).

Turning to the circumstances here, the designated evidence shows that Crowe last prepared Oil Tech's personal property tax returns for the March 1, 1992 assessment, and the work was completed on September 18, 1992. Moreover, it is undisputed that Crowe did not render service or advice to Oil Tech regarding personal property taxes after the spring of 1993. Oil Tech hired Lade as its accountant in 1993 and assumed the responsibility of preparing and

filing its own personal property tax returns that year. Thus, Oil Tech filed its cause of action against Crowe nearly five years after Crowe last prepared Oil Tech's personal property tax return and almost four and one-half years after Oil Tech discharged Crowe from all duties related to preparing Oil Tech's personal property tax returns.

In examining the relevance of the Accountancy Act provisions here, the one-year limitation period contains a "discovery" rule that tolls the expiration of the period until the plaintiff discovers, or should have discovered, the negligent act or omission. As indicated in the *FACTS,* the tangible personal property form contains a specific exemption for industrial waste control facilities. Appellant's App. p. 38. The identical form was completed initially by Crowe and thereafter by Lade. Inasmuch as Oil Tech operated as an industrial waste control facility as defined by Indiana law, it is apparent to us that it should have discovered Crowe's omission to take the exemption under the one-year statute of limitations pursuant to I.C. § 25–2.1–15–2(1). In essence, we will impute knowledge to a company as to the types of operations and or services it performs.

We also note that the three-year limitation period contains no discovery rule. Thus, under subsection two of the Accountancy Act, the cause of action *must* be filed within three years from the date that "service for which the suit is brought" was performed. Our supreme court had the occasion to construe a comparable "statute of repose" in *McIntosh v. Melroe Co.,* 729 N.E.2d 972 (Ind.2000). In discussing the statute of repose that is embodied in the Products Liability Act,[4] the *McIntosh* court observed as follows:

---

4. The statute provides that if a cause of action accrues at least eight years but less than ten years after the initial delivery a plaintiff my sue within two years after the cause of action accrues. Ind.Code § 34–20–3–1(b).

The legislature has provided that after the product is in use for ten years, no further claims accrue. That is not an unreasonable exercise of legislative power. It is further ameliorated by the provision that claims accruing in the last two years of the ten-year period may be brought within two years after accrual.

*Id.* at 978. The *McIntosh* court also noted that "we are dealing with a rule of law that says, in effect, that products that produce no injury for ten years are no longer subject to claims under the Product Liability Act." *Id.* at 979. In concluding that the time limits imposed by the Products Liability Act is a rational means of achieving a legitimate legislative goal and does not violate Article I, Section 12 of the Indiana Constitution, the *McIntosh* court went on to state that:

> The statute of repose represents a determination by the General Assembly that an injury occurring ten years after the product has been in use is not a legally cognizable "injury" that is to be remedied by the courts. This decision was based on its apparent conclusion that after a decade of use, product failures are "due to reasons not fairly laid at the manufacturer's door." *Estate of Shebel v. Yaskawa Elec. Am., Inc.,* 713 N.E.2d 275, 278 (Ind.1999). The statute also serves the public policy concerns of reliability and availability of evidence after long periods of time, and the ability of manufacturers to plan their affairs without the potential for unknown liability.

*Id.* at 980.

Finally, the *McIntosh* court determined that the statute of repose does not violate Article I, Section 23 of our constitution because "the disparate treatment imposed by the statute of repose is reasonably related to the inherent characteristics of the class and does not distinguish among members of the class." *Id.* at 984.

■ Notwithstanding that the constitutionality of a statute of repose has been upheld, Oil Tech claims that the medical malpractice statute of limitations, I.C. § 34–18–7–1, is virtually identical to the accountancy statute of limitations that Crowe seeks to enforce in this case. Noting that both are "occurrence" statutes, Oil Tech argues that the doctrine set forth in *Martin v. Richey,* 711 N.E.2d 1273 (Ind. 1999), bars application of the statute of limitations where "a plaintiff simply does not have the opportunity of discovering the malpractice until after the statute of limitations has run." Appellee's Br. p. 26.

In *Martin,* the plaintiff was suffering from a disease that had a long latency period that was not manifest until several years after the malpractice had occurred. The court noted that the general tort statute of limitations is such that a cause of action accrues when the plaintiff knows or in the exercise of ordinary diligence could have discovered that an injury has been sustained as a result of the tortious act of the defendant. *Martin,* 711 N.E.2d at 1279–80. As a result, the *Martin* court concluded that the plaintiff was not foreclosed from bringing an action for professional negligence before the plaintiff could have reasonably been expected to discover that she had a cause of action. The court went on to note that to hold otherwise would require a plaintiff "to bring a claim" before becoming aware of the injury and damages, "an essential element of any negligence claim, and this indeed would be boarding the bus to topsy-turvy land." *Id.*

Oil Tech also points to *Van Dusen v. Stotts,* 712 N.E.2d 491 (Ind.1999), where the physician had informed his patient that a test conducted in 1992 showed a benign growth. It was not until 1995 that the plaintiff discovered that the diagnosis was erroneous and that there was, in fact, a malignancy. Our supreme court deter-

mined that the statute of limitations did not commence to run until the date on which the plaintiff discovered the error. *Id.* at 497–98.

While Oil Tech urges that we should follow the reasoning announced in *Martin* and *Van Dusen,* we note that there is a significant distinction between medical malpractice claims and accountant malpractice claims. Specifically, in the cases where it was determined that the medical malpractice statute of limitations was unconstitutional, there was a disease or implanted medical device with a long latency period that made it literally impossible for the plaintiff to discover within the statutory period the relevant facts supporting the malpractice claim. That is, "their injuries clearly did not manifest themselves until well beyond the two-year limitation period." *Jacobs v. Manhart,* 770 N.E.2d 344, 350 (Ind.Ct.App. 2002). As the court noted in *Martin:*

> We find that the statute of limitations as applied to the plaintiff in this case is unconstitutional under Section 23 because it is not 'uniformly applicable' to all medical malpractice victims within the meaning of *Collins v. Day,* 644 N.E.2d 72 (Ind.1994). Simply put, the statute precludes [plaintiff] from pursuing a claim against her doctor because she has a disease which has a long latency period and which may not manifest significant pain or symptoms until several years after the asserted malpractice. The statute of limitations is also unconstitutional under Section 12 because it requires plaintiff to file a claim before she is able to discover the alleged malpractice and her resulting injury, and, therefore, it imposes an impossible condition on her access to the courts and pursuit of her tort remedy.

711 N.E.2d at 1279.

Unlike the differing "latency periods" of diseases or implanted medical devices, there is no latency period for accountant malpractice during which facts are impossible for the plaintiff to discover. Moreover, Oil Tech's damages for negligence occurred when the returns were filed and the damages were ascertainable. Inasmuch as Oil Tech began filing its own personal property tax forms after 1992, it is apparent that Oil Tech had access to every relevant fact about its own business and personal property. An opportunity existed in 1993, 1994, and 1995 for Lade, the subsequently retained CPA, to discover that its property qualified for a tax exemption. Here, Oil Tech was not denied a "meaningful opportunity" to pursue her malpractice claim. *See Boggs v. Tri–State Radiology,* 730 N.E.2d 692, 696 (Ind.2000). Thus, the reasoning set forth in *Martin* and *Van Dusen* is not applicable here, and we decline to declare the statute of limitations set forth in the Accountancy Act unconstitutional.

### B. Constructive Fraud

■ Notwithstanding the provisions of the Accountancy Act, Oil Tech goes on to claim that the doctrine of constructive fraud necessarily tolls the statute of limitations in this case. It points out that a fiduciary relationship arises, particularly in a professional or transactional context, whenever a confidential relationship arises. *Epperly v. Johnson,* 734 N.E.2d 1066, 1074 (Ind.Ct.App.2000). As this court observed in *First Community Bank & Trust v. Kelley Hardesty, Smith & Co.,* 663 N.E.2d 218, 221 (Ind.Ct.App.1996), an accountant's duty of confidentiality is based solely on the intrinsic value of confidentiality to the client.

■ In support of its claim that the cause of action should be allowed to proceed, Oil Tech points to a case where it was recognized that a physician's failure to disclose that which he knows, or in the exercise of reasonable care should have

known, gives rise to a cause of action. Under "constructive concealment," a physician is estopped from asserting a statute of limitations defense in a medical malpractice action. *Hopster v. Burgeson,* 750 N.E.2d 841, 854 (Ind.Ct.App.2001). Oil Tech argues that the doctrine of constructive fraud applies here because Crowe had represented that Oil Tech could prepare future personal property tax returns in a manner identical to Crowe's past preparation.

For a fiduciary relationship to exist, not only must there be confidence by one party in the other, but the party reposing the confidence must also be in the position of inequality, dependence, weakness or lack of knowledge. *Paulson v. Centier Bank,* 704 N.E.2d 482, 490 (Ind.Ct. App.1998), *trans. denied.* In *Scott v. Bodor, Inc.,* 571 N.E.2d 313, 323 (Ind.Ct.App. 1991), this court observed that in order to constitute constructive fraud, the dominant party must take unconscionable advantage of his dominant position in a fiduciary relationship. Here, there is no allegation or designated evidence demonstrating that Crowe gained any advantage by the conduct or omission for which it stands accused. Thus, the absence of this essential element—exploitation for Crowe's gain— renders the constructive fraud/breach of fiduciary duty theory inapplicable in these circumstances. Moreover, no misrepresentation occurred here, inasmuch as the designated evidence does not show that Crowe even knew of the omission with respect to the industrial waste control facility exemption. As a result, Oil Tech may not succeed upon its claim of constructive fraud.

## C. Continuing Wrong

Crowe also maintains that summary judgment should have been granted in its favor because the "continuing wrong" doctrine fails to breathe life into Oil Tech's claim against it. This doctrine is used to define "when an act, omission or neglect took place." *Havens v. Ritchey,* 582 N.E.2d 792, 795 (Ind.1991). It applies where an entire course of conduct combines to produce an injury. *Boggs,* 730 N.E.2d at 699. In essence, the doctrine of continuing wrong will not prevent the statute of limitations from beginning to run when the plaintiff learns of facts that should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point. *C & E Corp. v. Ramco Indus.,* 717 N.E.2d 642, 645 (Ind.Ct.App.1999). In *Konkle v. Henson,* 672 N.E.2d 450, 458 (Ind.Ct.App. 1996), we determined that it is the combination of an entire course of conduct that produces a continuing wrong. A single act in the sequence does not produce the injury. *Id.*

Here, there was only a single act of advice-giving by Crowe in the spring of 1993. Although Oil Tech may have followed this advice for several years, Oil Tech has failed to establish the existence of a continuing wrong and its claim must also fail under this theory.

## D. Fraudulent Concealment

Crowe also claims that its motion for summary judgment should have been granted because the doctrine of fraudulent concealment does not apply to Oil Tech's claim. "Fraudulent concealment is an equitable doctrine under which a person is estopped from asserting the statute of limitations as a defense if that person, by deception or violation of a duty, has concealed material facts from the plaintiff and thereby prevented discovery of a wrong." *Boggs,* 730 N.E.2d at 698. To successfully invoke this doctrine, the plaintiffs must establish that the concealment or fraud was of such character as to prevent inquiry, or to elude investigation,

thus preventing the plaintiff from discovering a potential cause of action. *Doe v. Shults–Lewis Child of Family Serv., Inc.,* 718 N.E.2d 738, 747 (Ind.1999).

As noted above, Oil Tech did not designate any evidence that would give rise to an inference that Crowe ever concealed any fact from Oil Tech, let alone any material fact that prevented Oil Tech from discovering its alleged cause of action. Moreover, there is no showing that it had access to any particular fact upon which Oil Tech filed its cause of action that might otherwise lead to a finding of constructive concealment. Thus, summary judgment in Crowe's favor may not be defeated on this basis.

### CONCLUSION

In light of our disposition of the issues set forth above, we conclude that the statute of limitations set forth in the Accountancy Act bars Oil Tech's claim against Crowe. We further find that Oil Tech has failed to demonstrate that the statute of limitations is unconstitutional. Additionally, we note that the doctrines of constructive fraud, continuing wrong and fraudulent concealment do not toll the statute of limitations in these circumstances.

Judgment reversed and remanded to the trial court with instructions that it grant Crowe's motion for summary judgment and that final judgment be entered in its favor.

SULLIVAN and DARDEN, JJ., concur.