Hilda J. KRUEGER, Individually and as Administrator of the Estate of Harvey D. Krueger, Deceased, Appellant–Plaintiff,

v.

Curtis HOGAN Jr., Individually and as Trustee of John H. Hogan, Deceased, and Western Reserve Group, Appellees–Defendants.

No. 81A01–0206–CV–205.

Court of Appeals of Indiana.

Jan. 13, 2003.

Roger D. Staton (Pro Hac Vice), Lebanon, OH, Franklin Bridenhager, Liberty, IN, Attorneys for Appellant.

Alan A. Bouwkamp, Thomas R. Haley III, Ann M. Schneider, Jennings Taylor Wheeler & Bouwkamp, Carmel, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge

Today we construe the language of our notice of cancellation statute, Indiana Code section 27–7–6–5, regarding the provisions of an automobile insurance policy. Appellant-plaintiff Hilda J. Krueger, individually and as administrator of the estate of Harvey D. Krueger (Harvey), deceased, appeals the trial court's entry of summary judgment in favor of the appellees-defendants Curtis Hogan Jr., as personal representative of the supervised estate of John H. Hogan (John), and Western Reserve Group Insurance (Western Reserve), upon her wrongful death complaint against Hogan, Western Reserve and others for the wrongful death of Harvey following an automobile accident. Specifically, Krueger argues that summary judgment was inappropriately granted because it was not established as a matter of law that Western Reserve gave proper notice of its cancellation of John's insurance policy. Concluding that the trial court properly granted summary judgment in favor of Hogan and Western Reserve regarding the cancellation of John's insurance policy, we affirm.

## FACTS

On March 11, 1996, John applied for automobile liability insurance coverage with Western Reserve on a 1988 Nissan pickup truck. Coverage in accordance with this policy continued through March 11, 2000, whereupon John added a 1994 Ford Aerostar van to the policy. Sometime prior to May 19, 2000, John ceased making premium payments on the policy. The insurance contract provided that Western Reserve could cancel the policy upon the nonpayment of premiums, and further required that it would provide the insured with ten days' advance notice of the cancellation. In light of John's nonpayment of the premiums, on May 19, 2000, Western Reserve mailed notification of its intent to cancel his policy within ten days to John, if no minimum premium payment was received. Notice of the cancellation was not provided to John's insurance agent, Southwestern Insurance Agency (Southwestern), and there was no showing that the company waived receipt of that notice. The notice sent to John provided that cancellation of the policy would become effective on May 30, 2000.

Neither John nor Southwestern ever paid the premium on the policy following this notice of cancellation on May 19, 2000. Thus, Western Reserve mailed a notice of cancellation to John on May 30, 2000. John's policy was, in fact, canceled on that day, and neither he nor his agent made any attempt to reinstate his policy, or to pay any of the past due premium amounts.

On July 17, 2000, John and Harvey were involved in an automobile accident on U.S. 52 in Brookville. The vehicle that Harvey

was driving was hit in the front by John's van. Krueger maintained that John was driving the Aerostar van at the time of the collision. As a result of the accident, both men died. Inasmuch as the cancellation of the policy occurred forty-seven days prior to the collision and no additional polices had been procured, John's van purportedly was not covered through the Western Reserve policy on that date.

On November 20, 2000, Krueger filed a complaint against Hogan, Western Reserve and others, seeking compensation for the wrongful death of her husband. Thereafter, on December 4, 2001, Western Reserve filed a motion for summary judgment, alleging that it was entitled to judgment as a matter of law because the accident had occurred forty-seven days after the insurance policy issued to John had been canceled. Krueger then filed a motion for summary judgment on December 12, 2001, asserting that Western Reserve did not comply with the statutorily mandated procedure for canceling the policy because it failed to supply Southwestern with notice of intent to cancel the policy.

The trial court conducted a hearing on the motions on March 21, 2002. Western Reserve's motion for summary judgment was ultimately granted on April 3, 2002. The trial court determined that Hogan did not make the required premium payments under the insurance policy and further found that notice of cancellation was provided to Hogan on May 19, 2000. It was also determined that the policy was effectively canceled forty-seven days before the accident and, therefore, the trial court ruled that John was not insured under any policy that Western Reserve had issued on July 17, 2000. Krueger now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

On appeal from a grant of summary judgment, this court faces the same issues that were before the trial court and analyzes them in the same manner. *Moberly v. Day,* 757 N.E.2d 1007, 1009 (Ind.2001). The purpose of summary judgment is to terminate litigation when there is no material fact in dispute and the case can be determined as a matter of law. *W.M.T. v. A.R.H.,* 638 N.E.2d 815, 817 (Ind.Ct.App. 1994). When a movant for summary judgment presents evidence that negates an element of the plaintiff's cause of action and there is a prima facie showing in this evidence, the burden shifts to the plaintiff to demonstrate the existence of a genuine factual issue. If the plaintiff does not show the existence of a factual issue, the entire action will fail. *Chester v. Indianapolis Newspapers, Inc.,* 553 N.E.2d 137, 141. (Ind.Ct.App.1990). The opposing party must designate to the court each material issue of fact that precludes entry of summary judgment and the evidence relevant thereto. Ind. Trial Rule 56(C). A factual issue is material for the purposes of T.R. 56(C) if it bears on the ultimate resolution of a relevant issue. *Murphy v. Mellon Accountants Prof'l Corp.,* 538 N.E.2d 968, 969 (Ind.Ct.App.1989). A factual issue is genuine if it is not capable of being conclusively foreclosed by reference to undisputed facts. *Id.* As a result, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the claim. *Id.* If the opposing party fails to meet its responsive burden, the court shall render summary judgment. *W.M.T.,* 638 N.E.2d at 817. We view the pleadings, depositions, answers to interrogatories, and affidavits in the light most favorable to the non-moving party. *Carie v. PSI Energy, Inc.,* 715 N.E.2d 853, 855 (Ind.1999).

### II. Krueger's Claims

■ Krueger argues that the trial court erred in granting summary judgment in

Hogan's favor. Specifically, Krueger argues that judgment for Hogan was improper because Western Reserve failed to comply with the provisions of our notice of cancellation statute.

In resolving this issue, we initially set forth the relevant provisions of this statute:

No notice of cancellation of a policy to which section 4 [IC 27–7–6–4] of this chapter applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation; Provided, however, that where cancellation is for nonpayment of premium at least ten (10) days' notice of·cancellation accompanied by the reason therefore shall be given. In the event such policy was procured by an agent duly licensed by the state of Indiana, notice of intent to cancel shall be mailed or delivered to such agent at least ten (10) days prior to such mailing or delivery to the named insured unless such notice of intent is or has been waived in writing by such agent.

I.C. § 27–7–6–5.

Krueger is essentially urging that the trial court erred in concluding that the strict requirements of the statute were satisfied in this circumstance because notice had not been given in a timely fashion to Southwestern. However, there is no dispute that John was notified on May 19, 2000, that the policy would be canceled on May 30, 2000, if the premiums were not paid. Neither John nor his insurance agent paid the premiums either before May 30, 2000, when the policy was canceled, or at any time in the next forty-seven days before the accident occurred. John Hogan was undisputedly provided with the requisite notice under the statute, and that notice afforded him ample oppor-

tunity to pay the premium or procure other insurance coverage.

We note that our research has revealed no Indiana case directly on point in a circumstance such as this where the insurance agent had not been provided with notice in accordance with the notice of cancellation provisions. However, in *Stewart v. Republic Insurance Corp.*, 267 Ill. App.3d 361, 205 Ill.Dec. 24, 642 N.E.2d 889 (1994), the Illinois Appellate Court examined a "notice" statute similar to the one presented in this case. The insured in *Stewart* sought a determination of coverage under his homeowners' policy after sustaining damages in a fire. *Id.* at 890. The insurance company denied coverage under the policy asserting that the policy had been canceled because the insured did not pay the premium and the cancellation had occurred before the loss. *Id.* The insured disagreed and argued that the insurance company had failed to provide the insured's agent with notice of its intent to cancel the policy, as was required by the relevant statute. *Id.* The Illinois notice of cancellation statute provided in pertinent part that:

"No notice of cancellation ... shall be effective unless mailed by the company to the named insured.... A copy of all such notices shall be sent to the insured's broker if known, or the agent of record and to the mortgagee or lienholder, if known, at the last mailing address known to the company."

*Id.* (quoting Ill.Rev.Stat.1989, ch. 73, par. 755.14). Inasmuch as the insurance company did not provide the agent with any notice of cancellation, the insured maintained that the cancellation was ineffective and, therefore, that the policy was still in effect on the date of loss. *Id.*

The *Stewart* court stated that although the provision concerning notice to the insured began with "[n]o notice of cancella-

tion ... shall be effective unless ...", the statement concerning notice to the agent was provided in a separate sentence in the statute that was not preceded by the same compulsory language. *Id.* The Court found that the absence of such language evidenced a legislative intent not to require such notice in order for the cancellation to be effective. *Id.*

As with the notice of cancellation provisions in *Stewart,* our legislature separated the statutory conditions regarding notice to the insured and the advance notice that should be provided to the agent. Specifically, notice to the insured is a mandatory condition that is necessary to achieve effective cancellation of the policy. The provision begins: "No notice of cancellation ... shall be effective unless mailed or delivered by the insurer to the named insured...." I.C. § 27-7-6-5. On the other hand, the sentence discussing advance notice to the agent begins: "In the event such policy was procured by an agent duly licensed by the state of Indiana, notice of intent to cancel shall be mailed or delivered to such agent...." *See id.*

■ It is apparent to us that the primary purpose behind the notice of cancellation provision in the statute is to ensure sufficient notice to the insured. Providing Southwestern with advance notice of cancellation would not have had any effect upon John's action or inaction with regard to paying the premiums under the policy. Rather, the notice undisputedly sent to John and thereafter to Southwestern served its purpose in providing the insured sufficient notice of the company's intent to cancel the policy and offering him the requisite time to procure other sources of coverage. *See Moore v. Vernon Fire & Cas. Ins. Co.,* 142 Ind.App. 334, 234 N.E.2d 661, 663 (1968) (recognizing that the rationale behind notice provisions regarding the cancellation of an insurance policy is to enable the insured to obtain insurance with some other insurer before he is exposed to further risks without insurance protection). Therefore, notwithstanding Krueger's arguments to the contrary, we find that the obvious legislative intent behind the notice of cancellation statute must prevail over and above any strict literal interpretation that might be offered. Thus, the trial court properly granted summary judgment in favor of Hogan and Western Reserve.

Judgment affirmed.

RILEY and MATHIAS, JJ., concur.